**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION**

| | |
|---|---|
| CARL E. WATERS,<br><br>        Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>        Defendant. | No. 16-CV-2081-LRR<br><br>**ORDER** |

_____

## *I. INTRODUCTION*

The matter before the court is Plaintiff Carl E. Waters's Objections (docket no. 20) to United States Magistrate Judge Kelly K.E. Mahoney's Report and Recommendation (docket no. 19), which recommends that the court affirm Defendant Commissioner of Social Security's ("Commissioner") final decision to deny disability benefits to Plaintiff.

## *II. PROCEDURAL HISTORY*

On July 19, 2016, Waters filed a Complaint (docket no. 3), seeking judicial review of the Commissioner's final decision denying Waters's application for Title II disability insurance and Title XVI Supplemental Security Income ("SSI"). On October 4, 2016, the Commissioner filed an Answer (docket no. 10). On January 5, 2017, Waters filed the Plaintiff's Brief (docket no. 15). On February 2, 2017, the Commissioner filed the Defendant's Brief (docket no. 16). On February 14, 2017, the matter was referred to Judge Mahoney for issuance of a report and recommendation. On July 10, 2017, Judge Mahoney issued the Report and Recommendation. On July 24, 2017, Waters filed the Objections. On August 7, 2017, the Commissioner filed a Response (docket no. 21) to the Objections. The matter is fully submitted and ready for decision.

## III.  STANDARD OF REVIEW

### A.  *Review of Final Decision*

When the Commissioner adopts an Administrative Law Judge's ("ALJ") findings and conclusions as its final decision, the final decision is subject to judicial review. *See* 42 U.S.C. § 405(g). The court will "affirm the Commissioner's decision if supported by substantial evidence on the record as a whole." *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012). "Substantial evidence is 'less than a preponderance but enough that a reasonable mind would find it adequate to support the conclusion.'" *Id.* (alteration omitted) (quoting *Jones v. Astrue*, 619 F.3d 963, 968 (8th Cir. 2010)). In determining whether substantial evidence supports the Commissioner's decision, the court "consider[s] the evidence that supports the Commissioner's decision as well as the evidence that detracts from it." *Jones*, 619 F.3d at 968 (8th Cir. 2010) (quoting *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010)). A court "will not disturb the denial of benefits so long as the ALJ's decision falls within the available 'zone of choice.'" *Casey v. Astrue*, 503 F.3d 687, 691 (8th Cir. 2007) (quoting *Nicola v. Astrue*, 480 F.3d 885, 886 (8th Cir. 2007)). "If, after reviewing the entire record, it is possible to draw two inconsistent positions, and the Commissioner has adopted one of those positions," the court must affirm the Commissioner's decision. *Anderson*, 696 F.3d at 793.

When reviewing the Commissioner's decision, the court "must judge the propriety of such action solely by the grounds invoked by the agency" and may not affirm the decision based on a post hoc rationale that "it considers to be a more adequate or proper basis." *Sec. & Exch. Comm'n v. Chenery Corp.*, 332 U.S. 194, 196 (1947); *see also, e.g.*, *Hanson v. Colvin*, 760 F.3d 759, 762 (7th Cir. 2014) (applying *Chenery* analysis in context of social security benefits); *Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir. 2007) (same); *Strom v. Astrue*, Civil No. 07-150, 2008 WL 583690, at *27 (D. Minn. Mar. 3, 2008) (same). In other words, "'a reviewing court may not uphold an agency

decision based on reasons not articulated by the agency,' when 'the agency has failed to make a necessary determination of fact or policy' upon which the court's alternative basis is premised." *Banks v. Massanari*, 258 F.3d 820, 824 (8th Cir. 2001) (alterations omitted) (quoting *Healtheast Bethesda Lutheran Hosp. & Rehab. Ctr. v. Shalala*, 164 F.3d 415, 418 (8th Cir. 1998)).

### *B. Review of Report and Recommendation*

The standard of review to be applied by the court to a report and recommendation of a magistrate judge is established by statute:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) (providing that, when a party properly objects to a report and recommendation on a dispositive motion, a district court must determine de novo the magistrate judge's recommendation). The Eighth Circuit has repeatedly held that it is reversible error for a district court to fail to conduct a de novo review of a magistrate judge's report and recommendation when such review is required. *See, e.g.*, *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003); *Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir. 1996); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995); *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994). The statute governing review provides only for de novo review of "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The court reviews the unobjected-to portions of the proposed findings or recommendations for "plain error." *See United States v. Rodriguez*, 484 F.3d 1006, 1010-11 (8th Cir. 2007) (noting that, where a party does not file objections to a magistrate's report and recommendation, the party waives the right to de novo review and the court will review the decision for plain error).

## IV. ANALYSIS

In the Objections, Waters argues that: (1) Judge Mahoney applied the wrong standard in reviewing the ALJ's decision at step three of the five-step sequential process for determining whether Waters is disabled and that the ALJ did not properly consider whether Waters's conditions in total equaled a listed impairment; and (2) the ALJ erred in calculating Waters's residual functioning capacity ("RFC") because he improperly discounted Waters's subjective complaints of pain. *See* Objections at 3-11.

After conducting a de novo review of the objected-to portions of the Report and Recommendation and the Administrative Record ("AR") (docket nos. 11-1 through 11-10), the court overrules the Objections. Waters is correct in that Social Security Ruling 83-19 was rescinded on August 1, 1991. *See Nelson v. Sullivan*, 966 F.2d 363, 368 (8th Cir. 1992); *see also* Social Security Administration, *Rulings Superseded, Rescinded, or Modified*, https://www.ssa.gov/OP_Home/rulings/rulfind2.html (last visited September 13, 2017). Social Security Ruling 83-19 provided that "[a] claimant cannot qualify for benefits under the 'equivalence' step [of step three] by showing that the overall functional impact of his unlisted impairment or combination of impairments is as severe as that of a listed impairment." *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990) (citing Social Security Ruling 83-19). Since then, the Commissioner has stated that a combination of impairments, if the findings in support of which "are at least of equal medical significance to those of a listed impairment," are sufficient to support a finding of disability at step three. *See* 20 C.F.R. § 404.1526(b)(3).

The ALJ, however, applied the proper standard in determining whether Waters's combined impairments were medically equivalent to a listed impairment. The ALJ specifically stated that he "considered all of the claimant's impairments individually and in combination but can find no evidence that the combined clinical findings from such impairments reach the level of severity contemplated in the Listings." AR at 12. The ALJ

4

carefully considered whether Waters met the criteria for paragraph B of Listing 4.02. *Id*. Though, as Waters argues, the ALJ did not explicitly consider each other impairment in the Listings, such a procedure is not only unrealistic but also is not required. *See Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011) ("There is no error when an ALJ fails to explain why an impairment does not equal one of the listed impairments as long as the overall conclusion is supported by the record."). Upon review, the court finds that the ALJ's conclusions were supported by substantial evidence in the record. Waters emphasizes his especially low ejection fraction, a measurement describing how much blood is expelled from the heart with each contraction, and his obesity in arguing that the ALJ erred in finding the combination of his impairments did not equal one of the Listing impairments. *See* Objections at 4-5. However, the ALJ explicitly considered and recognized Waters's low ejection fraction, and was undoubtedly aware of his obesity and the limitations it placed on his functioning. *See* AR at 11-12. The ALJ specifically found that Waters did not meet the other criteria for Listing 4.02B and that the combination of his conditions were not equivalent to the same or any other Listing. *Id*. at 12. Such a finding is supported by the medical evidence in the record. The court shall overrule the first Objection.

Waters's second objection amounts to a request to reweigh the evidence relied on by the ALJ. *See* Objections at 7-11. The ALJ appropriately discussed the factors from *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), in his decision, and ultimately concluded that Waters's allegations regarding "the intensity, persistence and limiting effects of [his] symptoms" were "not entirely credible." AR at 13. The ALJ relied on Waters's "full strength and range of motion, activities of daily living, and consistent observation of shortness of breath with only moderate to severe exertion" when determining Waters's RFC. *Id*. at 14. The ALJ also relied on the findings of several medical sources to support his findings, including a consultative physician who specifically

noted that Waters could sit for extended periods of time and could frequently handle and manipulate objects with his hands. *See id.*; *see also id.* at 481. The ALJ also considered medical opinions stating that Waters denied "chest pain and activity level change, despite his cardiomyopathy, as well as one instance when he acknowledged shortness of breath only with moderate to severe exertion." *Id.* at 14; *see also id.* at 564, 607, 609, 611, 613, 615, 617, 619. The ALJ also relied on Waters's own admissions of daily activity—including "the ability to perform personal care tasks independently, occasionally taking his dog for a walk, preparation of simple meals, riding in a car, shopping in stores for up to an hour, watching television, playing cards, and traveling to friends' and his grandmother's homes regularly." *Id.* at 14. In the ALJ's opinion, such activities were "consistent with an ability to perform sedentary work." *Id.* While Waters objects to the specifics underlying several of these findings, his base argument is that the ALJ improperly weighed and evaluated the *Polaski* factors, and inappropriately discounted his subjective allegations of pain and limitation. *See* Objections at 9-11. The court is not at liberty to reverse the ALJ's decision merely because there is conflicting evidence in the record below, or even because the court would independently reach a different conclusion. *See Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir. 2006) ("A decision is not outside that 'zone of choice' simply because [the court] may have reached a different conclusion had [the court] been the fact finder in the first instance."); *Guillams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) ("[E]ven if inconsistent conclusions may be drawn from the evidence, the agency's decision will be upheld if it is supported by substantial evidence in the record as a whole."). Upon review, the court finds that the record as a whole supported the ALJ's consideration of the *Polaski* factors in assessing Waters's subjective complaints. The ALJ's assessment of Waters's RFC was correct and the ALJ's conclusion that benefits should be denied was supported by substantial evidence.

## V. CONCLUSION

In light of the foregoing, it is hereby **ORDERED**:

(1) The Objections (docket no. 20) are **OVERRULED**;

(2) The Report and Recommendation (docket no. 19) is **ADOPTED IN PART** to the extent that it did not rely on a rescinded Social Security Ruling and properly concluded that the Commissioner's decision was correct;

(3) The final decision of the Commissioner is **AFFIRMED**; and

(3) The Complaint (docket no. 3) is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

**DATED** this 14th day of September, 2017.

LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA